*In re* HAMMOND *et al.*, PETITIONERS.

PROVIDENCE—JUNE 25, 1902.

PRESENT : Stiness, C. J., Rogers and Blodgett, JJ.

(1)  *Secret Ballot Law. Ouster.*

Gen. Laws cap. 11, § 41, of the secret ballot law, provides that in case no ballots are provided at any voting-place in accordance with the provisions of said chapter, the voters at such voting-places may use any ballots and provide themselves therewith :—

*Held,* that it was not the intent of the statute in such a contingency to require the other formalities prescribed in the act, and the ballots cast without the statutory [X] were lawfully cast and counted.

PETITION seeking judgment of ouster against certain respondents. Heard, and petition dismissed.

BLODGETT, J. The petitioners pray that the respondents Alphonso F. White, Frederic J. Pitts, John L. Maroney, and George H. Wheeler be ousted from their offices as first, second, third, and fifth councilmen, respectively, of the town of North Smithfield, because of the alleged invalidity of the ballots cast for the respondents at the annual town election on June 2, 1902, at which election the respondents were declared elected, and have duly received their certificates of election, and are now exercising the duties and powers of town councilmen therein.

It was agreed at the hearing that the town of North Smithfield had duly adopted the provisions of the secret ballot law for towns on June 1, 1891, and it was also agreed that the allegations contained in the fourth paragraph of the petition were true, viz.:

" Fourth. That at least fifteen days prior to the annual election of town officers holden June 2, 1902, no certificates of nomination and no nomination papers for town officers had been filed with the town clerk of said town, and that at said election no ballot thereon having the name or names of any candidate or candidates for any office or offices and bearing the official endorsement provided by law were provided at the voting-place of said town, and that no such ballots were at the polls and ready for the use of the voters."

It is also agreed that thirty-five ballots were cast at said election for each of the petitioners, each ballot so cast being provided otherwise than by the town clerk, but each being marked with the statutory [X] at the right of and opposite the name of the person voted for, and that one hundred and seventy-four ballots, also provided otherwise than by the town clerk, were cast for each of the respondents, but with-

out any such [X] thereon, and that the respondents were duly declared elected.

The question for decision is upon the requirements of section 41 of chapter 11 of the General Laws, which is as follows :

"SEC. 41.    If a voter marks more names than there are persons to be voted for, for an office, or if for any reason it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted for such office, but it shall be counted for all offices properly marked.    No ballot without the official endorsement shall, except as herein otherwise provided, be allowed to be deposited in the ballot box, and none but ballots provided in accordance with the provisions of this chapter shall be counted.    Ballots not counted shall be marked ' Defective ' on the back thereof and shall be preserved and returned with the other ballots :    *Provided*, that in case no ballots are provided at any voting-place in accordance with the foregoing provisions of this chapter, or in case no such ballots are at the polls and ready for the use of voters, the voters at such voting-place may use any ballot and provide themselves therewith."

The contention of the petitioners is that the failure to provide official ballots does not abolish the other requirements of the secret ballot law requiring marking of the names of candidates on whatever ballot may be used.

We do not think the position is tenable.    The language is explicit that the voters "may use any ballot and provide themselves therewith."    The statute provides for unexpected contingency, and it is manifestly not its intent to require the other formalities prescribed in the act as to uniformity of size and color, and at the right of and opposite to the name, in such a case.    *In re The Vote Marks*, 17 R. I. p. 814, we said, in speaking of official ballots, that :    "A cross is the only mark authorized by the State to be used to designate the person voted for, and it is only by force of the statute that it gets its significance for that purpose."    But when there is a failure of the official ballot, as provided in section 41 aforesaid, the requirement no longer becomes essential.

We are of the opinion that the ballots cast for the respond-

ents at said election were lawfully cast and counted, and that the respondents were severally elected to their respective offices.

The petition must therefore be dismissed.

*George W. Green, George T. Brown, and Herbert L. Carpenter,* for petitioners.

*John L. Moroney and Charles A. Wilson,* for respondents.